Donald D. SPENCER, Plaintiff in Error,

v.

TEXAS FACTORS, INC., Defendant in Error.

No. 16153.

Court of Civil Appeals of Texas.

Dallas.

March 22, 1963.

Rehearing Denied April 19, 1963.

Dixon, Alley & Petrovich, Travis Alley, Fort Worth, for plaintiff in error.

Passman & Jones and Bill C. Hunter, Dallas, for defendant in error.

BATEMAN, Justice.

Plaintiff in error seeks reversal of a money judgment by default rendered against him. Service of citation was had under Rule 106, Vernon's Texas R.C.P., by serving his wife at his usual place of abode.

██ He presents a motion for reversal because of his alleged inability to obtain a full and complete Statement of Facts, presenting that since substituted service is authorized by Rule 106 only "where it is impractical to secure personal service" it would have been erroneous for the court below to have signed the order permitting substituted service without hearing and considering evidence proving that it was impractical to secure personal service, that he was entitled to have this court review such evidence and determine its sufficiency *vel non,* and that his inability to obtain a statement of what evidence, if any, was presented and considered by the court entitles him to a reversal. We sustain this motion.

The record before us is far from satisfactory on this point. The order permitting substituted service, which was made by another district judge sitting for the court in which the case was pending, recites that evidence was heard; but this same judge several months later signed a certificate labeled "Statement of Facts" which recited that "no testimony was received by the court prior to the entry of such order and no other evidence being considered by the court other than such motion," and then several months after that signed another certificate reciting that at the time he certified that he heard no evidence he "had no independent recollection of what evidence, if any, was" received or considered in passing upon the motion for an order authorizing service under Rule 106. He then signed an "Amended Certificate and Affidavit" and an "Order Amending, Correcting and/or Supplementing the Record and Directing Certification and Transmission of Supplemental Transcript to Court of Civil Appeals" in both of which he stated that "Defendant is unable to obtain the Statement of Facts covering the entry of the order authorizing service under Rule 106, T.R.C.P.," other than as shown by his own amended certificates mentioned above.

██ The rule authorizing substituted service, being in derogation of the common law and under some circumstances a harsh rule, must be strictly followed. A trial court should not sign an order authorizing such service without hearing and considering evidence of probative value to the effect that it was impractical to obtain personal service. Otherwise, defendants and

the courts would be exposed to possible fraudulent allegations of impracticality which could not be supported by proof, resulting in great injustices.

It is obvious from the record before us that it was impossible for plaintiff in error to obtain a statement of facts which would enable this court to review the evidence, if any, and determine its sufficiency to support the order in question. That being true, the judgment must be reversed, and this we do on the authority of 3–A Tex.Jur. 686; Strode v. Srygley, Tex.Civ.App., 342 S.W. 2d 638, err. ref. n. r. e., and Johnson v. Brown, Tex.Civ.App., 218 S.W.2d 317, err. ref. n. r. e.

Reversed and remanded.