**Kenneth R. SMITH, Appellant,**

**v.**

**TEXAS DISCOUNT COMPANY, Appellee.**

**No. 11444.**

Court of Civil Appeals of Texas.

Austin.

Nov. 2, 1966.

Rehearing Denied Nov. 23, 1966.

Second Motion for Rehearing Denied

Dec. 7, 1966.

Fritz, Vinson & Turley, Edward C. Fritz, Dallas, for appellant.

Wayne A. Melton, Dallas, for appellee.

HUGHES, Justice.

Kenneth R. Smith has appealed, by writ of error, from a default judgment, rendered December 29, 1965, in favor of Texas Discount Company for $274.00, plus $26.40 attorney's fees, interest and costs.

Appellee's suit was on a promissory note executed by appellant. No answer to this suit was filed by or on behalf of appellant and he did not participate in the trial.

Appellant's first six points are jointly briefed. These points question the validity of the service had upon him, and his inability to procure bills of exceptions from the Trial Judge. Appellant's last two points are that a reversal should be ordered because he was unable to obtain a statement of facts, and that the court erred in rendering judgment for attorney's fees without evidence.

Appellee made a motion, under Rule 106, Texas Rules of Civil Procedure, for an order authorizing service upon appellant by leaving a copy of the citation at his residence in Dallas, Dallas County. This motion recited that appellant was "* * * a transient person who absents and secrets himself from service, refuses to answer the door and has apparently instructed the other residents at this address to state they do not know when he will return. * * *" At-

tached to the motion was an affidavit of the officer who attempted to procure personal service on appellant from which we quote: "I am a Deputy Sheriff, employed by BILL DECKER, SHERIFF of Dallas County, Texas. On the 12th day of November, A.D., 1965, I was assigned a citation in Case No. 51993–C, styled TEXAS DISCOUNT CO. VS. KENNETH R. SMITH and was instructed to attempt service on KENNETH R. SMITH at 6637 Putting Green Drive, Dallas in Dallas County, Texas and made the following listed efforts to serve said citation to no avail. I have in my possession three (3) citations to be served on above named subject at the address given and I have made over 20 different calls at the home of Kenneth R. Smith and his wife always tells me that he is out of town and she doesn't know when he will be back. On at least one occasion I have talked with subject's son who has told me his Father was in the house in bed, however, when the mother comes to the door, she then advises me that he is out of town. I have requested Rule 106 orders to serve these other hereinabove process on subject as I definitely believe subject is avoiding service of all process. This information is furnished to the attorney in order that he may obtain a Rule 106 for service."

This motion was granted by the court. Service was obtained upon appellant, according to the officer's return, by leaving a copy of the citation and a copy of appellee's original petition with Mrs. Kenneth R. Smith, a person over sixteen years of age, at the residence of appellant.

On March 15, 1966, appellant filed with the clerk of the court a bill of exceptions to the effect that the trial court entered the order for service on appellant in the manner above shown without hearing evidence and that the default judgment against him was entered without hearing evidence.

Appellant also sought approval of a second bill of exceptions which relates to the

procedure employed to obtain his first bill of exceptions. We set out in the footnotes part of an opinion by the Dallas Court of Civil Appeals, rendered when this case was before that Court on a petition for writ of mandamus to compel the trial court to act on his tendered bills of exception, which recites the history of the bill of exception proceedings.[1]

For the purpose of this opinion, we consider as approved appellant's bill of exception to the effect that no evidence was heard by the Court before entering the order for substituted service and before entering judgment by default.

The motion for substituted service under Rule 106 contemplates an ex parte proceeding since there are no adversary parties before the Court. The Rule does not specify in what manner the facts justifying issuance of an order for substituted service shall be made known to the Court. The general rule is that motions may be supported by affidavit. This is true even where adversary parties are before the Court. Certainly, it should be proper in an ex parte proceeding, as here, where no right of cross examination is involved.

■ We hold that affidavits are proper to invoke the authority of the Court under Rule 106 to enter an order for substituted service. See Motions and Orders, 39 Tex. Jur.2d, Sec. 9, 2 Tex.Jur.2d, Affidavits, Sec. 2, Texas Law of Evidence, McCormick and Ray 2nd ed., Sec. 787.

---

1. "On April 21, 1966 we issued an order staying a trial court from proceeding with a hearing on a motion to strike a bystanders' bill of exceptions. The immediate question before us is whether our stay order should be continued in effect pending our determination of the main controversy which is pending before us on writ of error.

On April 18, 1966 Kenneth R. Smith filed his petition for writ of error together with a cash bond in the above cause pursuant to Rules 359–363, Vernon's Texas Rules of Civil Procedure. Petitioner seeks to have us review a default judgment rendered against him on December 29, 1965. He alleges that he was never served with a citation and knew nothing of the judgment rendered against him by default until February 7, 1966 when a deputy sheriff sought to execute an order of sale issued to enforce the judgment. Respondent claims petitioner was served in accordance with Rule 106, T.R.C.P.

On March 22, 1966 petitioner filed a motion in the trial court seeking approval of a bill of exceptions and reciting that his remedy was a petition for writ of error to the Court of Civil Appeals, necessitating a record on appeal.

On March 29, 1966 petitioner again presented a bill of exceptions to the trial court. In this bill petitioner requested that the trial court 'act upon same, either by signing the endorsement below it, or by correcting same and signing the endorsement as corrected, or by endorsing his refusal thereon, and preparing, signing and filing with the Clerk such Bill of Exceptions as will, in his opinion, present the foregoing matters as they actually occurred.' Rule 372, Subdivisions (g), (h) and (i), T.R.C.P.

The trial court refused to act on the bill of exceptions on the ground that the court no longer had jurisdiction over the matter.

\* \* \* \* \*

On March 29, 1966 following the above hearing, petitioner prepared and filed a bystanders' bill of exceptions. This bill is supported by the affidavits of three persons who swear that they were present in court on March 29, 1966, saw and heard the proceedings in question and that the bill of exceptions presented by petitioner and the things stated therein are true and correct.

On April 7, 1966 respondent Texas Discount Company filed a motion in the trial court praying that the trial court strike petitioner's bystanders' bill from the record. In support of its motion respondent presented three controverting affidavits, one by the trial judge himself, one by the court reporter and one by the bailiff of the court."

The Dallas Court of Civil Appeals stayed hearing on appellee's motion to strike appellant's bystanders' bill of exceptions pending hearing of this appeal on its merits, and it has not granted leave to file the petition for mandamus.

We also hold that the affidavit attached to appellee's motion, copied above, was sufficient to support the order of the Court entered pursuant to such motion.

We also hold that reversible error was not committed in rendering judgment by default against appellant without the introduction of any evidence, if, in fact, no evidence was introduced.

Rule 241, T.R.C.P., provides that when a default judgment is rendered against a defendant and the claim is liquidated and proved by an instrument in writing the damages shall be assessed by the Court or under its direction and final judgment rendered therefor, unless a jury is demanded by a defendant entitled to it.

There was no demand for a jury trial.

Appellee's suit was upon a promissory note executed by appellant on which a balance due of $274.00 was alleged. It was also alleged that the note was placed in the hands of an attorney for collection after demand for payment was made thus entitling appellee to recover 10% of the amount due as attorney's fees.

All allegations of a pleading are to be taken as admitted, except as to damages, when default is made. 33 Tex.Jur.2d, Judgments, Sec. 116.

A copy of the note declared upon was not attached to appellee's petition, nor was it alleged that the note provided for the payment of attorney's fees.

The reasonableness of attorney's fees, in the absence of a contract therefor, is a question of fact and is an unliquidated demand as to which the Court should have heard evidence. Rule 243, T.R.C.P.

We have assumed that no evidence was heard by the trial court before rendering judgment.

If evidence was heard in support of the reasonableness of attorney's fees, then appellant was entitled to a statement of facts unless he waived its procurement.

We will not pursue this matter because we have concluded that the difference between the fee of $26.40 which the Court allowed as a reasonable fee for prosecuting and obtaining a judgment of $274.00 and the amount of a lesser fee which appellant may be able to establish as a reasonable fee for such services is not worthy of judicial attention under the doctrine of de minimis non curat lex.

The stay order heretofore issued by the Dallas Court of Civil Appeals is dissolved and appellant's petition for mandamus is dismissed.

The judgment of the trial court is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

Appellant complains that we did not discuss Spencer v. Texas Factors, Inc., Tex. Civ.App., Dallas, 366 S.W.2d 699, writ ref., n. r. e., in disposing of his contention that substituted service was not authorized because no evidence was heard on the motion filed under Rule 106, T.R.C.P. In that case the Court held that appellant was entitled to a statement of facts in order to have reviewed "the evidence, if any" to sustain an order for substituted service made under Rule 106.

We are convinced of the soundness of the opinion in Spencer, and have no disposition but to follow it.

We have assumed that no evidence was heard by the trial court before entering the order under Rule 106. We have held, however, that the affidavit attached to the motion may be considered by the trial court in

determining whether it should make an order under Rule 106.[1] Spencer does not show that the motion there was supported by affidavit. In fact, the opinion implies the contrary when it states that evidence of probative value should be heard before an order for substituted service is made, "Otherwise, defendants and the Courts would be exposed to possible fraudulent *allegations* of impracticality which could not be supported by proof, resulting in great injustices." (Italics ours.)

■ Affidavits do not fall within the category of mere allegations.

The motion is overruled.

Motion overruled.

1. See Rules 109, 111, 113, T.R.C.P.