Q. S. FRANKS dba Q. S. Franks Demolishing Company, Appellant,

v.

Truman MONTANDON et al., Appellees.

No. 11805.

Court of Civil Appeals of Texas, Austin.

March 17, 1971.

Richard E. Kammerman, Austin, for appellant.

No brief filed by appellees.

PHILLIPS, Chief Justice.

Appellees, the plaintiffs below, filed suit against the Appellant, defendant below, for breach of contract in July, 1969. The transcript discloses that the sheriff's office

made one unsuccessful attempt to serve Appellant.

Subsequently, Appellees filed a motion for service under Rule 106, Texas Rules of Civil Procedure, for substituted service on Appellant. No affidavits were presented to the court nor was there any oral evidence presented regarding the impracticality of serving Appellant; however, the court issued its order permitting substitute service pursuant to Rule 106. The sheriff then served Appellant's son at Appellant's place of business. Appellant never knew of the suit before judgment nor received any official notice of it.

On May 12, 1970 Appellees took a default judgment against Appellant for $4,300. Appellant received a postcard on June 30, 1970 from the District Clerk's office informing him that this judgment had been rendered against him.

Appellant never participated in this cause in the trial court, and received notice of the default judgment too late to file a motion for new trial.

Consequently, within the six month period set out in Article 2249 et seq., Vernon's Ann.Civ.St., Appellant has filed his petition for writ of error with this Court to have the judgment below set aside.

Appellant is before us on one point of error, that the judgment entered by the trial court is void because the alleged service on Appellant pursuant to Rule 106, T.R.C.P. was defective, improper and inadequate in that the trial court did not consider any sworn testimony, written or oral, as to the impracticality of serving Appellant, or if it did consider oral testimony, Appellant cannot obtain a statement of facts of that testimony.

Rule 106, T.R.C.P., among other things, provides that where it is impractical to secure personal service on the defendant, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served or by delivering it to anyone over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit.

Since Rule 106 is in derogation of the constitutional mandates of due process,[1] the requirements of the rule and the law connected therewith must be strictly construed. Sgitcovich v. Sgitcovich, 150 Tex. 398, 241 S.W.2d 142 (Sup.Ct.1951).

A trial court must not issue an order authorizing service under Rule 106 without considering evidence of probative value concerning the impracticality of obtaining service on a party, Spencer v. Texas Factors, 366 S.W.2d 699 (Tex.Civ.App. Dallas, 1963, writ ref'd, n. r. e.); Smith v. Texas Discount Company, 408 S.W.2d 804 (Tex. Civ.App. Austin, 1966, no writ). In the case at bar there was neither oral evidence nor evidence in affidavit form to sustain Appellees' position. Thus the service was invalid and the judgment cannot stand.

We reverse the judgment of the trial court and remand the cause for trial.

Reversed and remanded.

1. Art. 1, Section 19, Constitution of Texas, Vernon's Ann.St., 14th Amendment, Constitution of the United States;
  "Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."