Luis Armando **ALVAREZ**, Petitioner,

v.

Celia Jones **ALVAREZ**, Respondent.

No. 675.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 27, 1972.

Rehearing Denied Feb. 10, 1972.

Pena, McDonald & Gutierrez, L. Aron Pena, Edinburg, for petitioner.

Baker & Botts, Robert Piro, Charles W. Wofford, Houston, for respondent.

## OPINION

NYE, Chief Justice.

Luis Armando Alvarez, the defendant below, has appealed by writ of error a default judgment for divorce. His wife, Celia Jones Alvarez, sought substituted service under Rule 106, Texas Rules of Civil Procedure. The petitioner contends that the trial court did not have jurisdiction over him for three reasons: (1) That he was never served with a copy of the petition; (2) because the attempted service under Rule 106 was not accomplished; and (3) that petitioner was not represented by counsel in the trial court.

The trial court dissolved the bonds of matrimony and granted the wife her divorce. The court awarded custody of the

minor children to the wife and ordered the defendant to pay child support. The court made division of the community and separate property of the parties and set aside three mortgages executed by the defendant during the pendency of the divorce action as void, awarded attorney fees to the wife's attorney, and other relief. No statement of facts was requested and none has been filed in this appeal.

Personal service is always necessary if a judgment in personam is to be rendered against a defendant, unless he voluntarily appears or is otherwise represented or consents to the method of service. Our Supreme Court makes the rules that authorize a personal judgment against a resident citizen based on substituted service. The object of all process, whether by personal service or by substituted service, is to give the person to be affected by the judgment sought, notice thereof, and an opportunity to defend the suit. The efficacy of substituted service of process, when determinable, rests upon the presumption that notice will be given in a manner which is calculated to impart knowledge to the person who is to be notified. Its adequacy so far as due process of law is concerned, depends on whether or not the particular form of service is reasonably calculated to give the defendant actual notice of the proceedings, and an opportunity to be heard. Sgitcovich v. Sgitcovich, 150 Tex. 398, 241 S.W.2d 142 (1951).

The first part of Rule 106 provides for personal service of citation on the defendant. The rule then provides: " . . . *Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service* (1) *by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served,* or (2) *by delivering same to any one over sixteen years of age at the party's usual place of abode,* or (3) *in any other manner which will be reasonably effective to give the defendant notice*

*of the suit . . . ."* (emphasis supplied)

The parties will be referred to as they were in the trial court. Plaintiff filed her original petition on August 24, 1970. Her amended petition was filed on September 30, 1970. On the same day plaintiff filed a motion for substituted service alleging that it was impractical to secure personal service on the defendant and that she therefore sought substituted service on the defendant at his usual place of business at 34 Fronton Street in Brownsville, Texas, at the business known as Rapido Forwarding Company. The court, after hearing, ordered the Sheriff (or any constable) to serve the citation by leaving a copy thereof with the petition attached, at the defendant's usual place of business in Brownsville, Texas, being the Rapido Forwarding Company, 34 Fronton Street, in Brownsville. The record shows that the defendant was served in this manner. A true copy of the citation with an accompanied copy of the plaintiff's petition was served on the named defendant by leaving a copy with Basilio A. Flores, manager at Rapido Forwarding Company on October 2, 1970, at 5:00 p. m. in Brownsville, Texas. No complaint is made of the court's order for substituted service, nor of the Sheriff's return of the citation.

The motion for substituted service under Rule 106, contemplates an ex parte proceeding. This is so because there are no adversary parties before the court. Smith v. Texas Discount Company, 408 S.W.2d 804 (Tex.Civ.App.—Austin 1966). The rule for substituted service is liberal in its authorization, but requires a strict adherence, since it is in derogation of the common law. It would of course be erroneous for the trial court to have signed an order permitting substituted service without hearing and considering evidence proving that it was impractical to secure service on the defendant. Spencer v. Texas Factors, Inc., 366 S.W.2d 699 (Tex.Civ. App.—Dallas 1963, n. r. e.). The plaintiff

in her brief states that the defendant had avoided personal service of the citation. There is a pencil notation "Moved to Mexico City" on the Sheriff's Return, "Precept to serve". The manager of Rapido Forwarding Company stated that he thought that defendant was living in Mexico City. There was other evidence relating to the fact that it was impractical to serve the defendant personally. These facts were sufficient to authorize substituted service.

■ Both parties designated certain evidentiary matters that were filed in the case to be included in the transcript on appeal. Shortly after the appeal had been perfected, the plaintiff filed a motion to strike a deposition and certain affidavits as being improperly included. Citing authority. The motion was not opposed by the defendant. We now believe that we were in error in granting leave to strike. We reinstate all the evidence. Rule 376, T.R.C.P. The very exhibits sought to be stricken were those requested by the plaintiff. These exhibits and other documentary evidence were filed and formed a part of the record. They should and will be considered by us in determining the jurisdiction of the trial court. Ordinarily, certain presumptions are made in support of a judgment. This includes presumptions of due service of citation. However, no such presumptions are to be considered in a direct attack upon default judgment. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup.1965); Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (Tex.Comm.App.1935, opinion adopted). The jurisdiction of this type of an appeal must affirmatively appear on the face of the record. Bankers Life & Casualty Co. v. Watson, 436 S.W.2d 404 (Tex.Civ.App.—Tyler 1968, n. r. e.). All of the evidence which forms a part of the record that was considered by the trial court, and was designated by the parties, should be before us for a proper consideration of the writ of error. See Rule 376, T.R.C.P. Inferences of jurisdictional facts have no place in a direct attack on a judgment. McKanna v. Edgar, supra.

This does not mean, however, that the evidence that gave the court jurisdiction of the parties, must be undisputed. The same rules apply where the evidence is in conflict and the trial court resolves such conflict in support of its jurisdiction. We find that substituted service was accomplished under Rule 106, T.R.C.P. The court found, and the record substantiates the fact, that Thomas G. Sharpe, Jr. appeared on behalf of the defendant and therefore the defendant was in court for all purposes irrespective of the substituted service. A rather detailed account of the events and the evidence is deemed necessary by us for a correct determination of this appeal.

Mr. Basilio Flores (office manager) testified that he worked for the Rapido Forwarding Company, receiving merchandise for export. He stated that he worked for Salvador Compean. He stated that when the Sheriff served the papers upon him, he threw the papers in the waste basket and did not advise the defendant that he had received them.

Five days after the papers were served on Flores, Salvador Compean filed (on October 7, 1971) a "Motion to Quash Service", attacking the jurisdiction of the trial court. He stated that the business of Rapido Forwarding Company at 34 Fronton Street in Brownsville is owned by him; that said business at said address is not the business of the defendant nor has it been the usual place of business of the defendant while the defendant was living in Brownsville. Compean asked the court to withdraw the burden upon him to wit "to hold the papers served on the theory that Luis Armando Alvarez will be doing business with Rapido Forwarding Company." He asked the court to quash the service and to discharge him from being the custodian of the papers served. He then states "The Petitioner, Celia Jones Alvarez (plaintiff) knows full well where Luis Armando Alvarez (defendant) is and she further, through her attorney of record, can perfect service upon him according to law."

Mr. Compean then asked for affirmative relief. "Salvador Compean hereby moves the Court to allow him to depose Celia Jones Alvarez in order to establish his right of intervention, his right to quash service, and her actual knowledge of the true location of Luis Armando Alvarez, and the nature of his business." The motion was filed by the firm of Hardy & Sharpe and was signed by Thomas G. Sharpe, Jr.

Next the record shows that on October 30, 1970, the defendant appeared personally in Cameron County. He executed three mortgages in the form of deeds of trust, attempting to impose three liens on three different tracts of land owned by the parties, one for $50,000.00, one for $20,000.00 and another for $10,000.00. In each of the mortgages the defendant names Thomas G. Sharpe, Jr., trustee. Each of the instruments was acknowledged before "Esteban Fernandez", a notary. Each of the deeds of trust instruments was recorded with a notation "When Recorded, Return to Hardy & Sharpe attys, P.O. Box 2155, Brownsville".

On November 13 Salvador Compean filed an affidavit with the court, stating that he is the owner of Rapido Forwarding Company at 34 Fronton Street; that the business is not the usual place of business of Luis Armando Alvarez (defendant) nor has it been the place of business of Luis Armando Alvarez while he was residing in Brownsville, Texas. He stated that he had been served with copies of the first amended original petition, a judge's fiat, and an order by service upon Basilio Flores *"my office manager, and I do not know what to do with these papers."* He requests the court to discharge him from possession of the papers and allow him to return the papers to the court in order to be relieved of any further responsibility. (Later Compean's attorneys stated the "papers" were destroyed). Mr. Compean executed this affidavit before the same notary "Esteban Fernandez".

On November 17 the court heard the motion of Compean, considered the arguments of the attorney Thomas G. Sharpe, Jr., and found that the motion to quash service was without merit and was therefore denied.

On November 30, attorney Thomas G. Sharpe, Jr. wrote the judge presiding in this case, stating that he represented Salvador Compean, the owner of Rapido Forwarding Company; he admitted that substituted service on agent Basilio Flores pursuant to an order of the court was accomplished by a deputy sheriff of Cameron County. He stated "Unfortunately, the original petition and all orders to be served upon the Respondent, Luis Alvarez, were destroyed by Mr. Flores and, therefore, the papers have not been served upon Mr. Alvarez." Continuing, he said to the court: *"I request by copy of this letter which I am mailing to Mrs. George,* (the district clerk) *notice of any settings requested in this case by the petitioner* (plaintiff). Mr. Alvarez (defendant) is represented by attorneys who reside in Mexico City and I would like to advise them regarding any settings to be had in the case and any other method of service to be employed by the petitioner." The original and the district clerk's "filed" copy of this letter were introduced into evidence. On the district clerk's copy there was a handwritten notation which said "Note: Requested Self-addressed & stamped envelopes from Sharpe for future settings. 12-1-70."

On December 2 the deposition of the office manager Flores was filed in the record. On December 4 attorney Sharpe filed what he denominated "Answer of Party Served with Process". He stated that he was filing his answer on behalf of Salvador Compean and Basilio Flores. He again stated that Compean was the owner of Rapido Forwarding Company and that Flores was the manager of the warehouse. The second paragraph of the answer recited each and every instrument that had been filed in the cause, beginning with the

original petition on August 24, including the motion for a hearing by the plaintiff. In the fourth paragraph of the answer the attorney states: "Counsel for Compean and Flores has examined the records filed in this case and finds that no service has been perfected on the Respondent, Luis Armando Alvarez. Additionally, the papers served upon Basilio Flores were destroyed and, therefore, could not have been forwarded to the Respondent." He cites Spencer v. Texas Factors, Inc., Tex.Civ. App., 366 S.W.2d 699 as authority that the substituted service must relate to the usual place of business of the party. He then states that plaintiff "knows the present address of the Respondent, (defendant), has written letters to the Respondent (defendant) and Respondent's (defendant's) children, and now seeks to have the Court adjudicate the custody of five (5) children born of the marriage and the accumulation of community property over the past eleven (11) years, as well as, all the community indebtedness." "Compean and Flores appear as parties who have been served and as friends of the Court advising the Court that neither of them has served any papers upon the Respondent (defendant) herein . . . ." (emphasis supplied) It was signed "Hardy & Sharpe by Thomas G. Sharpe, Jr." The answer and/or statements made therein were not sworn to nor were they in affidavit form. Neither Compean nor Flores were parties to the divorce suit, nor do they or any one else allege that they had any real interest in the suit. We cannot conceive of any reason for their appearance except on behalf of the defendant.

On the same date the trial court conducted an additional hearing in which it took up for consideration the plaintiff's request for hearing and the answer filed by attorney Sharpe on behalf of Compean and Flores. The court held that the defendant Luis Armando Alvarez has had notice of these proceedings and has through attorneys (Hardy & Sharpe) participated in two different hearings herein and that the defendant should be deemed to have been an active party in this cause of action. The court further found that the defendant had been properly served with citation in accordance with Rule 106. It ordered that a hearing on the merits be had on January 6, 1971. It then requested that the attorney Thomas G. Sharpe, Jr. advise the defendant of this setting and order. Thereafter, the plaintiff filed a second amended original petition on December 23, 1970.

On December 29, 1970, attorney Sharpe wrote to the judge: "In re Alvarez marriage". He stated that he had received a copy of plaintiff's second amended petition and a notice to have his deposition taken on January 4, 1971. He stated that he had a Federal court setting in Corpus Christi on January 4 and would therefore be unable to be deposed on that date. He stated that "My firm has not been employed to represent anyone involved in this case." Continuing he said: "I note from reading the new petition that the Plaintiff seeks to adjudicate a lien in favor of Francisco Javier Alvarez Compean. No service of process has issued for Mr. Compean and I, therefore, assume that the Court will not begin the trial until the person to be effected by the Court's Judgment is served and has an opportunity to answer."

On January 6, 1971, the trial of the case on its merits was had. During the course of the trial all of the letters, affidavits, motions, depositions, and exhibits were introduced into evidence. One of such exhibits was a signature card from the Pan American Bank. It was executed by the defendant. It showed that defendant had opened an account in the name of "Rapido Forwarding Co., 34 E. Fronton Street, Brownsville." Another exhibit was a recorded assumed name certificate in the form of an affidavit signed by the defendant. It stated that the defendant was conducting and transacting business under the name of Rapido Forwarding Company, 34 Fronton Street, Brownsville, Cameron County, Texas. There was no record that it had been rescinded. Still another exhib-

it was a letter from the Pan American Bank addressed to the plaintiff, advising her that the defendant had made arrangements to open a checking account in her name and had deposited originally the sum of $1,000.00. This was the same bank as was used by the Rapido Forwarding Company.

The second amended original petition complains of the attempted mortgage to Francisco Javier Alvarez Compean by the defendant six weeks after the filing of the divorce action wherein the defendant executed the deeds of trust to attorney Thomas G. Sharpe, Jr., trustee, upon the homestead and the business homestead of the plaintiff and the defendant. The plaintiff requested that all the deeds of trust executed by the defendant subsequent to the filing of this suit be set aside and held for naught.

The court found that at the time the substitute service was effected, Rapido Forwarding Company was the usual place of business of the defendant in Brownsville, Cameron County, Texas. Among other things, the trial court found that "attorney Thomas G. Sharpe, Jr. filed a 'Motion to Quash Service' and 'Answer of Party Served with Process' ostensively on behalf of Salvador Compean, an uncle and close business associate of the Defendant, and also alleged as 'friend of the Court' and said attorney appeared in person before the court in this cause on November 17, 1970 and again in open court on December 4, 1970, and directed three letters to the court, all dealing with this cause and which are in evidence herein and it is found that Attorney Sharpe in these pleadings, appearances and letters was appearing herein on behalf of Defendant, Luis Armando Alvarez, and Defendant, Luis Armando Alvarez, is in Court for all purposes; ".

The only other instrument in the record before us and not previously discussed is an affidavit by attorney Sharpe filed more than thirty days after the decree of divorce was entered. The affidavit denies that he represented the defendant. It states that defendant's attorney is Arsenio Farell, and that future notices should be mailed to him. This affidavit cannot be considered since it was filed after the judgment became final.

■ It is clear from the record that before the trial court rendered judgment in this case, it heard testimony regarding the reasonably effective notice given to the defendant of the pending suit and the manner of service of citation. The trial court found that it was impractical to secure personal service. It authorized the leaving of a copy of the citation with the petition attached at the usual place of business of the party to be served. We hold that the service employed was reasonably effective to give the defendant notice of the pending suit. The evidence is strong that Flores did not throw away the papers, because Compean asked the court to relieve him of the responsibility of forwarding the papers on to the defendant. In any event, even if Flores had thrown away the papers, the obligation of service was perfected when a copy of the citation with petition attached was left at the usual place of business of the defendant. This was a compliance of Rule 106.

■ The trial court found that the defendant made an appearance through his attorney Thomas G. Sharpe, Jr. This is authorized under Rule 120, T.R.C.P. The answer denominated "Answer by Party Served with Process" was not a proper plea to the jurisdiction of a court as contemplated by Rule 120a. See 42 Tex. Law Review 279 at 296, 311, et seq., Special Appearance, E. Wayne Thode. The evidence shows that the defendant personally appeared in Cameron County six weeks after the suit was filed and approximately two weeks after attorney Sharpe had filed the motion to quash. At that time, the defendant appointed Sharpe as trustee in his attempted mortgage of the property belonging to the parties. The deeds of trust were to be returned to the firm of Hardy

& Sharpe. Sharpe directed the district clerk to send him notices of all settings so that he could advise the defendant's attorneys accordingly. In attorney Sharpe's answer he sought affirmative relief on behalf of the defendant. The acknowledgment of Compean's affidavit, the acknowledgment of the three deeds of trust and the acknowledgment on the presently filed writ of error were all signed by the same notary. The defendant had ample opportunity to defend the suit through his attorney. The trial court was justified in holding that attorney Sharpe appeared on behalf of the defendant Luis Armando Alvarez and not as amicus curiae. See Rule 121, T.R.C.P.; Cuellar v. Cuellar, 406 S.W.2d 510 (Tex.Civ.App.—Corpus Christi 1966). The amicus curiae route is unavailable to test the validity of service of process. Nicklas v. Ajax Electric Company, 337 S.W.2d 163 (Tex.Civ.App.—Austin 1960); Rule 120a, T.R.C.P.

■ Rule 106 also authorizes substituted personal service on a defendant *in any other manner which will be reasonably effective to give the defendant notice of the suit*. We believe that service was additionally had on the defendant by this method.

On November 30, attorney Sharpe wrote the court with carbon copy notice to the district clerk, requesting that notice of any settings be given to him so that he could advise the defendant's attorneys who reside in Mexico City. On a hearing on December 4, the trial court ruled that (1) substituted service had been perfected on the defendant, (under the first provision of Rule 106 referred to) and (2) that attorney Sharpe had appeared on behalf of the defendant and was representing the defendant in person in this case. In an abundance of caution the court then set the case for trial on its merits, thirty three days in advance of this ruling. The court then instructed attorney Sharpe to notify the defendant of such setting. Attorney Sharpe subsequently acknowledged the filing of the second amended petition (filed December 23, 1970) and knew of the setting on January 6, 1971. The case as a whole had been on file for almost four and one half months. We believe that the trial court's order to attorney Sharpe instructing him to advise the defendant of this future setting in response to attorney Sharpe's request, was one additional reasonably effective notice to the defendant of the pending case. We believe this also provided substituted service as is contemplated under Rule 106, T.R.C.P.

We hold that the record before this Court meets the burden of affirmatively establishing that the defendant was properly and duly served with process in this cause. We further hold that the evidence is sufficient to support the trial court's findings that attorney Thomas G. Sharpe, Jr. appeared therein on behalf of the defendant and was in court for all purposes. See York v. State, 73 Tex. 651, 11 S.W. 869 (Tex.Sup.1889). Accordingly, the trial court had in personam jurisdiction over the defendant. Application for writ of error is denied. Judgment of the trial court is affirmed.

SHARPE, J., not participating.