Edythe **KIRKEGAARD**, Appellant,

v.

**FIRST CITY NATIONAL BANK OF BING-
HAMTON, NEW YORK, Appellee.**

No. 7407.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 2, 1972.

Pat Maloney, San Antonio, for appellant.

Gray, Gardner, Robison & Cobb, San Antonio, for appellee.

DIES, Chief Justice.

First City National Bank of Binghamton, New York, sued appellant on a promissory note in the District Court of Bexar County on August 12, 1971. On October 14, 1971, Bank's attorney mailed a motion for service under Rule 106 to the district judge enclosing an order. The unverified motion alleged:

> "Now comes Plaintiff and would show that the Sheriff has been unable to serve the Defendant personally as she apparently is avoiding service of citation, that she is presently living at 7526 Alpine Valley, accepts telephone calls there and returns them, and is either the usual place of business of the Defendant or the usual place of abode, and that service of citation should be served by delivering a copy of the citation with petition attached at such address to anyone over 16 years of age or in any other manner which will be reasonably effective to give the Defendant notice of the suit."

On the same day, the judge signed the following order:

> "The foregoing Motion having been presented to me this day, it is accord-

ingly ORDERED that the Sheriff shall serve citation by leaving a copy of the citation with petition attached at the usual place of business of the party to be served, or by delivering same to anyone over 16 years of age at the party's usual place of abode, at 7526 Alpine Valley, San Antonio, Bexar County, Texas."

On December 8, 1971, a default judgment was rendered against appellant which recited that "come not the Defendant, below named, though duly served with process having wholly failed to appear or answer herein." The citation here has the following return:

"RETURN OF OFFICER

"Came to hand on the 13 day of Aug. A.D., 1971 at 12:37 o'clock P.M., and executed on the 27 day of October A. D., 1971 at 8:20 o'clock P.M., in Bexar County, Texas, by delivering to Edythe Kirkegaard by delivering to John Richard Kirkegaard it's son under Rule 106."

We have no statement of facts and no brief from the Bank.

Appellant's brief is entirely predicated on the contention that the judgment is void because service was "defective, improper and inadequate, in that the Trial Court did not consider any sworn testimony, written or oral, as to the impracticality of serving Appellant."

Rule 106 is as follows:

"Unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto. Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to any one over sixteen years of age at the party's usual

place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit."

In Spencer v. Texas Factors, Inc., 366 S.W.2d 699, 700 (Tex.Civ.App., Dallas, 1963, error ref. n. r. e.), the court said:

"The rule authorizing substituted service, being in derogation of the common law and under some circumstances a harsh rule, must be strictly followed. A trial court should not sign an order authorizing such service without hearing and considering evidence of probative value to the effect that it was impractical to obtain personal service. Otherwise, defendants and the courts would be exposed to possible fraudulent allegations of impracticality which could not be supported by proof, resulting in great injustices."

In Smith v. Texas Discount Company, 408 S.W.2d 804, 806 (Tex.Civ.App., Austin, 1966, no writ), the court held that "affidavits are proper to invoke the authority of the Court under Rule 106 to enter an order for substituted service."

In Franks v. Montandon, 465 S.W.2d 800 (Tex.Civ.App., Austin, 1971, no writ), the court held invalid substituted service under Rule 106 where there was no evidence of probative value concerning the impracticality of obtaining service on a party.

■ In our system of jurisprudence, default judgments can only be permitted where service of citation is strictly followed. See Eagle Life Insurance Company v. George, 473 S.W.2d 311 (Tex. Civ.App., Beaumont, 1971, error ref.).

■ In our present case, the judge signed an order permitting substituted service with no more evidence of the impracticality of personal service than the unsworn motion of the attorney. This is not enough. We hold that before substituted service can be ordered under Rule 106, the trial judge must be convinced by evidence of probative value of the imprac-

ticality of personal service. Even if this order had been supported by probative evidence, the service would have been defective. The sheriff's return (shown above) does not reveal service "at the usual place of business of the party to be served, or by delivering same to any one over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit" as required by Rule 106. Eagle Life Insurance Company v. George, supra.

The judgment of the trial court is reversed and remanded.