**HENDERSON 66 SALES, INC., et al.**

v.

**John H. HARVISON et al.**

**Civ. A. No. CA 3–5730–E.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 7, 1973.

Jack W. Ledbetter and Thomas H. Watkins, Baker, Watkins, Ledbetter, Hayden & Ramsey, Austin, Tex., for plaintiffs.

Carl L. Phinney, Phinney, Hallman, Pulley & Livingstone, Dallas, Tex., Alton F. Curry, Fulbright, Crooker & Jaworski, Houston, Tex., for defendants.

## MEMORANDUM OPINION

MAHON, District Judge.

On April 4, 1972, the plaintiffs in this cause of action filed a suit for injunctive relief and damages for defendants' alleged violations of the Sherman, Clayton and Robinson-Patman Antitrust Acts. With the exception of Albert B. Alkek, service of process was effected on all parties. On July 10, 1972, plaintiffs, pursuant to Rule 4(d)(7), Fed.R.Civ.P., 28 U.S.C. (1970), filed the first of two motions for substitute service on Alkek. Reciting that officers had been unsuccessful "on numerous occasions" in attempting to serve process upon the defendant at his residence, and that it had been impossible to obtain personal service, the motion urged that substitute service be allowed at "Alkek's ordinary place of business . . . 501 Capitol National Bank Building, Houston, Harris County, Texas, where Defendant Alkek maintains his office."

The motion was granted, but attempts to serve Alkek at the office in Houston were unsuccessful. Thereafter, on September 14, 1972, a second motion for substitute service was filed with this Court wherein it was stated:

"1. All previous attempts at serving citation at the regular place of business or at the other residences belonging to the defendant, Albert B. Alkek, have been unsuccessful.

2. Plaintiffs would further show that the defendant, Albert B. Alkek, maintains a regular place of residence on a ranch located in Bandera County, Texas. Plaintiffs would further show that the Marshal has attempted to obtain service upon this defendant at this location, but that said ranch is highly guarded with armed guards and surrounded by electric fence topped with barbed wire, and said armed guards will not admit any persons to the premises. Said ranch is the regular place of residence and abode of the defendant, Albert B. Alkek.

3. Plaintiffs would further show that this method of service is the most practical way to give notice to the defendant of the suit." [1]

A hearing was conducted and the second motion for substitute service was granted on September 14, 1972.

The affidavit of Deputy United States Marshal Steven N. Balog states that he and Deputy Sheriff Walter W. Welch of Bandera County went to the Flying A Ranch in Bandera County on September 21, 1972, at approximately 1:30 p. m. to serve process on Albert B. Alkek who maintains a residence on the ranch. Balog and Welch "were unable to gain admittance to the ranch, but were able to talk to a Mr. Joe Romo . . . a ranchhand" who worked on the Flying A Ranch. Romo indicated that he knew Mr. Albert Alkek and saw him from time to time on the ranch. According to Mr. Balog's affidavit, Romo indicated that he would give Mr. Alkek the papers that the Marshal had presented to Romo.[2] No answer was filed and on November 2, 1972, plaintiff's motion for default judgment was granted.

---

1. Counsel for plaintiff at the beginning of the December 6, 1972, proceedings advised the Court that upon further investigation it had been established that the ranch in Bandera County was neither highly guarded nor surrounded by an electric fence.

2. In an affidavit filed with regard to defendant's motion to set aside the default judgment, Joe Romo testified: "They handed a piece of paper to me and told me to see that it was delivered to the foreman of the ranch."

This matter is now before the Court for consideration of defendant's motion for relief from judgment. Rule 55(c), Rule 60(b), Fed.R.Civ.P., 28 U.S.C. (1970). In this regard, we are met at the outset with various procedural difficulties.

Defendant's motion to set aside default judgment was filed in this court on November 21, 1972; a hearing upon that motion commenced on November 27. As the Court was aware of certain inconsistencies in the affidavits which were introduced at that hearing, and inasmuch as certain witnesses, including Albert B. Alkek, were unavailable at that time, the Court was not inclined to either grant or deny the motion. Because of this, it was determined that the hearing would be resumed on December 6, 1972. On December 1, 1972, defendant Alkek filed his Notice of Appeal in this cause of action. The hearing was conducted on December 6 as scheduled.

Professor Moore suggests that the procedure to be followed is that which is outlined in Smith v. Pollin, 90 U.S.App. D.C. 178, 194 F.2d 349, 350 (1952), wherein it was said:

> "We are of the opinion, therefore, that when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for a new trial." 7 Moore's Federal Practice, ¶60.30 [2] at 422.

■ Smith v. Pollin, *supra*, has been expressly approved by the Fifth Circuit in Ferrell v. Trailmobile, Inc., 223 F.2d 697, 699 (1955), wherein it was said, "[W]e find ourselves in agreement with the District of Columbia Circuit, that the district court retains jurisdiction to consider and deny such motions, but that, if it indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." Having concluded that this Court is without power to vacate, alter, or amend the judgment in this case under Rule 60(b) except with the permission of the Fifth Circuit, but that the Court does have jurisdiction to consider and to either deny such motion or indicate its inclination to grant the motion if the cause is remanded, the Court now turns to the merits of the questions herein raised.

Defendant Alkek urges that the judgment should be set aside because the order of September 14, 1972, authorizing substitute service was issued without consideration having been given evidence of probative value to the effect that it was impractical to obtain personal service. Spencer v. Texas Factors, 366 S.W.2d 699 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); Franks v. Montandon, 465 S.W.2d 800 (Tex.Civ. App.—Austin 1971, no writ); Kirkegaard v. First City National Bank of Binghamton, 486 S.W.2d 893 (Tex.Civ. App.—Beaumont 1972, no writ). He further contends that the substitute service actually undertaken at the Flying A Ranch in Bandera, Texas, did not comply with the Court's order, which provided:

> "[S]ervice of citation may be had upon defendant, Albert B. Alkek, by leaving a copy of the citation with petition attached, at the usual place of abode of said Albert B. Alkek, at his ranch in Bandera County, Texas, with any person of suitable age therein."

Alkek specifically alleges, "The Marshal did not leave the petition 'at the usual place of abode . . . with a person . . . therein.'"

■ Under the Federal Rules of Civil Procedure, service of process "is

. . . sufficient if the summons and complaint are served . . . in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Rule 4(d)(7), Fed.R.Civ.P., 28 U.S.C. (1970).

The Rule of the State of Texas upon which substitute service was herein premised is as follows:

"Unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the day of delivery endorsed thereon and with a copy of the petition attached thereto. Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to anyone over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit." Tex.R.Civ.P. 106.

"The rule authorizing substituted service, being in derogation of the common law and under some circumstances a harsh rule, must be strictly followed." Spencer v. Texas Factors, Inc., 366 S. W.2d 699, 700 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.) By the terms of the statute, substitute service can be authorized only "[w]here it is impractical to secure personal service. . . ." This Court finds that the record in this cause of action would not support a finding that it was impractical to secure such personal service.

The testimony shows that defendant Alkek has lived in Victoria[3] at 3011 North Main Street since 1934. The evidence further shows that while Mr. and Mrs. Alkek only spend about 50% of their time in Victoria, Anna Laura White has worked for them at that residence for 20 years, and that she is at the house from approximately 9:00 a. m. until between 12:00 noon to 1:00 p. m. five days a week.

The record reflects that defendant Alkek has maintained an office located on the Houston Highway at Ben Jordan Street in Victoria since 1948 and that Carnell Putnam, Mr. Alkek's personal secretary of some 14 years, is at that office throughout the workweek.

On three occasions Deputy U. S. Marshals from Corpus Christi attempted personal service on Albert Alkek in Victoria. In each instance the attempt to serve process was made only at the residence at 3011 North Main Street. One Deputy stated that he spent a total of about 15 minutes in Victoria. The other Deputy said that on his first endeavor he did contact a neighbor who advised him that Alkek "was probably at his ranch. And the indication . . . was that the ranch was outside of Victoria somewhere." No effort was made at the time to determine the location of the ranch, nor did either Deputy on any of the three occasions make inquiry of other persons in Victoria as to the whereabouts of defendant Alkek.

It was further shown that the 1972 Victoria Telephone Directory has two telephone listings under the name A. B. Alkek. One listing shows the address to be 3011 North Main; the other is a listing for an office on the Houston Highway, telephone number 578–3581. The telephone number 578–3581 also appears on the same page under a listing for the business office of Alkek Oil Corporation on the Houston Highway. Carnell Putnam, Alkek's secretary, in her deposi-

---

3. The official population of Victoria, Texas, was 41,349 at the taking of the last decennial census. 1970 Census, PC (1–A45) Bureau of Census, United States Department of Commerce (Aug. 1971).

tion, testified that 578–3581 is one of two telephone numbers that ring in her office, and, further, that Alkek's office is connected by telephone extension with the switchboard of M and A Petroleum. The Court considers it significant that on no occasion were any attempts made to reach Alkek by telephone in Victoria during the Marshals' endeavors to personally serve him.

The record reflects that Mr. Alkek was a Director of the American Bank of Commerce in Victoria, that he had been serving as Chairman of the Board of said bank for approximately 15 years, and that he regularly attends board meetings. It was further shown that Alkek's personal secretary, the President of the American Bank of Commerce, and the bank president's secretary all knew how to contact Alkek at the Flying A Ranch in Bandera.

█ In view of the facts established at the hearing conducted on defendant's motion, this Court concludes that personal service could have been effected on Albert Alkek through the exercise of reasonable diligence. Accordingly, if this matter is remanded to this Court by the Fifth Circuit Court of Appeals, the Judgment heretofore entered will be set aside.

Having reached the above disposition of this matter, the Court, with the exception of one allegation, finds it unnecessary to make a determination with regard to defendant's other contentions.

The exception noted is with reference to the challenge by defendant as to the sufficiency of the evidence to establish that the Flying A Ranch in Bandera County was either Alkek's "usual place of business" or "usual place of abode." The Court expressly finds that personal service could have been effected at the ranch.

[4–6] While "a party should not be permitted to flout [the rules] with impunity,"[4] and a default judgment should only be set aside upon a showing that there "was good reason for the default,"[5] it is clear that any doubts should be resolved in favor of a trial on the merits.[6] This Court is not of the opinion that evidence adduced at an ex parte hearing which forms the foundation for a default judgment, even though of a probative nature and introduced in good faith, should preclude later scrutiny in an effort to determine whether, in hindsight, diligence has been exercised and all appropriate measures have been taken to effect personal service. In this regard the Court wants to make clear its belief that if by virtue of the actions of a defendant in a lawsuit it appears that it is impractical to effect personal service, the fact that, in reality, personal service could have been obtained may not entitle a party in default to have a judgment set aside. The evidence in this cause of action is not such as to support a finding that the actions of defendant Alkek and/or his business associates were so designed.

---

4. 3 Barron & Holtzoff, Federal Practice and Procedure § 1217 at 89 (Wright ed. 1958).

5. McGrady v. D'Andrea Electric, Inc., 434 F.2d 1000, 1001 (5th Cir. 1970).

6. General Telephone Corp. v. General Telephone Ans. Serv., 277 F.2d 919, 921 (5th Cir. 1960).