Irving R. JOHNSTON, Appellant,

v.

Helen C. JOHNSTON, Appellee.

No. 16014.

Court of Civil Appeals of Texas, San Antonio.

Dec. 6, 1978.

Hugh H. Meyer, Meyer & Meyer, Hondo, for appellant.

Collins B. Cook, San Antonio, for appellee.

CADENA, Chief Justice.

This is a divorce action in which the husband, Irving R. Johnston, appeals from the judgment of a district court of Bexar County granting the wife, Helen C. Johnston, a divorce, partitioning the community estate of the parties, naming wife as managing conservator of the minor children of the parties and ordering husband to contribute to the support of such children.

Husband's sole complaint here is that the trial court erred in overruling his plea in abatement which was based on the fact that on September 23, 1977, prior to the entry of the decree by the Texas court, an Oklahoma court entered a decree dissolving the marriage between the parties, partitioning the property, and providing for custody and support of the minor children.

The parties were married in San Antonio, Texas, in 1961 and lived together as husband and wife in San Antonio until January, 1977, at which time husband, a member of the armed forces of the United States, was transferred to a post in Oklahoma. The wife did not accompany her husband to Oklahoma, but remained in San Antonio with the children. In August 1977, husband filed suit for divorce in the district court of Oklahoma County, Oklahoma. On August 22, 1977, the wife, who continued to reside in San Antonio, received a summons by certified mail and a copy of her husband's pleading. On the same day wife filed suit for divorce in a district court of Bexar County, Texas, of which San Antonio is the county seat.

Wife filed no pleadings in the Oklahoma suit, and on September 23, 1977, the Oklahoma court entered the judgment described in the second paragraph of this opinion. On October 7, 1977, husband filed a plea in abatement, based upon the Oklahoma divorce, and also filed a general denial. On October 31, 1977, the Bexar County district court, after a hearing, overruled husband's plea in abatement and proceeded to hear the case on the merits. The judgment from which husband appeals was rendered on November 16, 1977.

During the trial, husband introduced no evidence concerning Oklahoma law, nor did he file a request, under Rule 184a, Texas Rules of Civil Procedure, requesting that the trial court take judicial notice of Oklahoma law. Under such circumstances it will be presumed that the Oklahoma law is the same as the Texas law. *Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963); *Clayton v. Newton,* 524 S.W.2d 368, 371 (Tex.Civ.App.—Fort Worth 1975, no writ).

Concerning service of citation at the time in question, Rule 106 provided that

[u]nless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto. Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service . . . by registered or certified mail . . . . .

Tex.R.Civ.P. (1976). Because the rules authorizing substituted service are in derogation of the common law and, under some circumstances, are harsh rules, Texas courts have required strict compliance with the prescribed mode of service. *Spencer v. Texas Factors, Inc.,* 366 S.W.2d 699 (Tex. Civ.App.—Dallas 1963, writ ref'd, n. r. e.); *See Franks v. Montandon,* 465 S.W.2d 800, 801 (Tex.Civ.App.—Austin 1971, no writ). The rule that the record must affirmatively show a strict compliance with the prescribed method of service has been firmly established in this State at least since the

**612**

decision in *Roberts v. Stockslager,* 4 Tex. 307 (1849).

The rules in force at all times relevant to this case provided that where it was impractical to secure personal service, the court could, upon motion, authorize service by mail; however, before such substituted service could be authorized, the trial court was required to consider evidence of probative force concerning the impracticality of personal service. *Franks,* 465 S.W.2d at 801; *Spencer,* 366 S.W.2d at 700. There is nothing in the record before us which indicates that the Oklahoma court authorized service by mail. In fact, the record indicates that no such judicial authorization was obtained. The Oklahoma summons reflects on its face that the direction that service be by certified mail came from the husband, rather than the court.

In 1977, Rule 108, regulating service of citation on nonresidents, provided:

The return of service in such cases shall be endorsed on or attached to the original notice, and shall be in the form provided in Rule 107 [Rule 107 requires that the return shall state when the citation was served and the manner of service], and be signed and sworn to by the party making such service before some officer authorized by the laws of this State to take affidavits, under the head and official seal of such officer. . . .

Tex.R.Civ.P. The Oklahoma return of service in this case recites that it is a "certificate of service by mail" but it is not sworn to by the person accomplishing such service. In order to support a default judgment upon substituted service, it is essential that the return meet the requirements of the Rule. *David A. Carl Enterprises v. Crow-Shutt # 14,* 553 S.W.2d 118, 120–121 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ). Since the return of service in this case did not comply with the requirements of Rule 108, it was fatally defective and insufficient to support the default judgment against the wife by the Oklahoma court. *Upham v. Boaz Well Service, Inc.,* 357 S.W.2d 411, 418 (Tex.Civ.App.—Fort Worth 1962, no writ).

Since neither the method of service nor the return of citation would confer jurisdiction on a court under Texas law, and since we must assume that the Oklahoma law does not differ from Texas law, it must be concluded that the trial court did not err in overruling husband's plea in abatement.

The judgment of the trial court is affirmed.