**Michael Donell DUNN, Appellant,**

v.

**Jessie WILSON, Appellee.**

**No. 2–87–127–CV.**

Court of Appeals of Texas,
Fort Worth.

June 1, 1988.

Rehearing Denied July 13, 1988.

Reynolds, Shannon, Miller, Blinn, White & Cook, Robert D. Frye, Fort Worth, for appellant.

Don Prager, P.C., Don Prager, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

On August 1, 1985, appellant Michael Donell Dunn, who was the defendant below, was sued by appellee Jessie Wilson in connection with an automobile accident. On March 9, 1987, a default judgment was rendered in appellee's favor for $475,-000.00.

We reverse and remand.

The automobile accident between Wilson and Dunn occurred on March 20, 1985 and suit was filed on August 1, 1985. Personal service of Dunn by certified mail was unsuccessful. On May 20, 1986, Wilson, through his attorney Greenspan, filed a motion for alternative service of citation under TEX.R.CIV.P. 106(b). Prior to signing the order authorizing service under TEX.R.CIV.P. 106(b), Judge White explained to Greenspan that if Dunn did not make an appearance, the court would need to be fully satisfied that Dunn had received notice. The judge instructed his clerk to tag the docket sheet reflecting that no default was to be taken without information that Dunn had actual notice of the pending suit. The order was signed on June 13, 1986.

The court order authorized service on Dunn by one of two methods: "to the door of the residence of the Defendant, said address being ... or by delivering to the apartment manager at the above address...."

Several letters were exchanged between attorney Greenspan and Dunn's automobile liability insurer, National County Mutual Insurance Company, regarding both settlement and problems concerning Dunn's cooperation with National County. Cooper Claims Service, an independent adjusting firm, was to handle the claim Wilson had made against Dunn's insurance company.

On September 16, 1986, Greenspan notified Tolbert, an adjuster at Cooper Claims Service, that substitute service had been obtained on Dunn, and Greenspan included in the letter a copy of the petition and the return reflecting service. On October 2, 1986, Cooper, of Cooper Claims Service, in a letter to Greenspan acknowledged being informed by Greenspan of the substitute service, and requested if in the event an answer was necessary to be filed or a default was to be taken that Greenspan would give Cooper ten days notice thereof. To this letter Greenspan wrote, "I agree to the above 10–7–86."

On November 19, 1986, Cooper Claims Service notified Greenspan that an attorney, Brown, had been employed by National County to review and monitor the file. Greenspan then was notified that Cooper Claims Service was no longer handling the

matter because National County had transferred the Dunn claim to the adjusting firm of Lindsey and Newsom. Subsequently, Foster, the adjuster assigned to the file at Lindsey and Newsom, wrote to Greenspan indicating he had been assigned the Dunn file.

On February 19, 1987, Greenspan wrote Dunn threatening to take a default judgment and encouraging him to cooperate with his insurance company. Thereafter, Dunn went to Greenspan's office and signed an affidavit relating that he had received the petition and citation which he turned over to his insurance agent.

Finally, on February 27, 1987, Greenspan went to the Tarrant County Courthouse to obtain a default judgment. Judge White was out of town so Judge Crowley rendered a judgment in Wilson's favor which has given rise to this appeal.

■ Appellant's first two points of error attack the substituted service pursuant to TEX.R.CIV.P. 106(b) as being defective. We reluctantly agree.

TEX.R.CIV.P. 106(b) provides:

Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place or abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

*Id.*

To uphold a default judgment against attack based on a claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service and the return process. *Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501, 503 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ In the case at bar, the substitute service was obtained based on the motion of Greenspan, but the record is devoid of an affidavit or other sworn proof. *Compare Kirkegaard v. First City Nat. Bk. of Binghamton, N.Y.,* 486 S.W.2d 893, 894 (Tex.Civ.App.—Beaumont 1972, no writ) (holding substitute service based on unsworn motion of attorney invalid). Additionally, the supporting letter and original citation which Greenspan indicates are attached to his motion in order to show sufficient cause for his motion to be granted clearly are not affidavits or sworn proof that service by registered mail and personal delivery had been attempted and were unsuccessful. Furthermore, the affidavit Dunn signed in Greenspan's office on February 25, 1987, falls short of constituting a waiver of citation. Dunn's affidavit only indicated that Dunn had received some suit papers which were placed in his apartment by his apartment manager. Nowhere in the affidavit does Dunn expressly state he has waived service. *See* TEX.R.CIV.P. 119.

The adequacy of substitute service, in light of due process considerations, depends upon whether the particular form of service is reasonably calculated to give a defendant actual notice of the proceedings. *Alvarez v. Alvarez,* 476 S.W.2d 353, 355 (Tex.Civ.App.—Corpus Christi 1972, no writ); *see also Greene v. Lindsey,* 456 U.S. 444, 449, 102 S.Ct. 1874, 1878, 72 L.Ed.2d 249, 255 (1982). Here, the facts establish that the substitute service employed by appellee was successful, at least in terms of alerting appellant of the pending suit. Nevertheless, the current law requires that the service of citation be held invalid due to the lack of an affidavit or sworn proof which should accompany a party's motion for substitute service. *See Kirkegaard,* 486 S.W.2d at 894; TEX.R.CIV.P. 106.

**18**

In view of our action to sustain appellant's points of error one and two, we do not find it necessary to rule on appellant's remaining points of error.

Our decision requires the default judgment to be reversed and the cause remanded to the lower court.