**BECKER, SMITH & PAGE, Inc., v. WM. CAMERON & CO., Inc.** (No. 865.)

Court of Civil Appeals of Texas. Waco. Dec. 19, 1929.

Rehearing Denied Jan. 9, 1930.

Harry P. Jordan, of Waco, for appellant.

Sleeper, Boynton & Kendall, of Waco, for appellee.

BARCUS, J. Appellant instituted this suit on May 19, 1927, against appellee on what it alleged to be a verified account for $1,615.47, for goods, wares, and merchandise which it claimed to have sold and delivered appellee between the dates of April 15, 1925, and June 30, 1925. Appellee answered alleging a set-off or counterclaim against the account sued on for an excess which it claimed it paid appellant on a previous account in the early part of 1925. It further invoked the plea of limitation of two years to a large portion of the account sued on by appellant, and denied owing any portion of the debt, except $59.15, which it admitted owing appellant and which it alleged it had tendered to appellant before the suit was instituted, and which it tendered appellant in court.

Appellant by supplemental pleading excepted to the counterclaim or set-off of $1,556.32 claimed by appellee, on the ground that it appeared from the pleadings same was barred by the two-year statute of limitation (Rev. St. 1925, art. 5526). This exception was by the court overruled.

The cause was tried to the court and resulted in judgment being rendered for appellant for the amount of $59.15, tendered by appellee to it.

Appellant prosecutes this appeal without any statement of facts or any findings of fact and conclusions of law. It presents its appeal solely upon its contention that the trial court erroneously overruled its special exception to the counterclaim or set-off of appellee, on the ground that same was barred by the statute of limitation. There is nothing in the record to show whether appellant established its claim against appellee, or whether appellee offered any testimony in support of its counterclaim or set-off. The record shows that the trial court overruled appellant's special exception. We do not think there is any error shown by reason thereof which would authorize this court to reverse the judgment of the trial court. Our courts have uniformly held that, before the appellate court is authorized to reverse the judgment of the trial court because of the overruling of a special exception, it must appear affirmatively that the party complaining thereof has been injured thereby, and, as is correctly stated, we think, in 3 Tex. Jur. 1254: "The improper overruling of a special exception may or may not be prejudicial, and the burden of showing prejudice is cast upon the appellant." This is the rule laid down by our Supreme Court in Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822, and has been uniformly followed since said time. There is nothing in the record to show that appellant was in any way injured by the trial court's overruling said special exception. The alleged itemized account attached to appellant's pleading is not shown to have been offered or admitted in evidence. The affidavit attached thereto is not in compliance with the statutory requirements to make a sworn account admissible in evidence under article 3736, Revised Statutes 1925, in that it is made by the attorney for appellant and states that: "He has reason to believe and does believe that the account * * * is within his knowledge, just and true, and that it is due, and that all just and lawful offsets, payments and credits have been allowed." It is not sufficient for the affiant to an affidavit to state that "he has reason to believe and does believe," but it is essential that he state unequivocally under oath that

the account is within his knowledge just and true, and that it is due, and that all just and lawful offsets, payments, and credits have been allowed. Article 3736, Revised Statutes 1925; Scudder v. Burrus Mill & Elevator Co. (Tex. Civ. App.) 285 S. W. 681.

The itemized account attached to appellant's pleading is further fatally defective, in that it does not state the nature, kind, class, or character of the respective items of goods, wares, and merchandise sold. It consists of several pages of items, a sample thereof being: "1 bundle, pattern 5129, style DD, plain 16, price 36, amount $5.76." In a very similar case this court held that such an account did not constitute an itemized account within said statute, in the absence of any pleading attempting to explain said account, or showing the class or kind of merchandise sold. Adelman v. Hamilton-Brown Shoe Co. (Tex. Civ. App.) 297 S. W. 863. Since there is no statement of facts or findings of fact in the record, we cannot tell whether appellant offered in evidence the account sued upon, or offered any proof in support thereof, or whether said account was by the trial court admitted in evidence.

Appellant's assignment of error and propositions thereunder are overruled. The judgment of the trial court is affirmed.