A. M. CARRUTH, d/b/a Carruth Distributing Company, Appellant,

v.

WIX CORPORATION, Appellee.

No. 6847.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 9, 1966.

Rehearing Denied Dec. 7, 1966.

Fred A. White, Port Arthur, for appellant.

John L. Fulbright, Beaumont, for appellee.

ON MOTION FOR REHEARING

STEPHENSON, Justice.

Our opinion delivered September 8, 1966, is withdrawn and the following opinion is substituted therefor.

This is an action on a sworn account for goods sold and delivered. The trial court granted plaintiff's motion for summary judgment. The parties will be referred to here as they were in the trial court.

Defendant's first point of error is that the trial court erred in granting the motion for summary judgment because the defendant had denied the account was just and true, and had asserted under oath that he was not justly indebted to plaintiff in any sum of money, and that all legal offsets, payments and credits had not been allowed.

Defendant's first amended answer contained a general denial, among other pleadings, and contained the following affidavit:

"THE STATE OF TEXAS )
COUNTY OF JEFFERSON )

BEFORE ME, the undersigned authority, on this day personally appeared A. M. CARRUTH, doing business as A. M. Carruth Distributing Company, defendant in the foregoing-styled Answer and Cross-Action, denies the purported verified account of the plaintiff made against him and filed in this cause, and says the same is within his knowledge, not just or true, and further says that he is not justly indebted to the plaintiff in any sum of money, and that all offsets, payments and credits have not been allowed.

/s/ A. M. Carruth

SUBSCRIBED AND SWORN TO BEFORE ME, this the 16th day of September, A.D. 1965.

/s/ Leland Lacy
Notary Public in and for Jefferson County, Texas."

Defendant argues that this answer and affidavit raised issues of fact and summary judgment was not proper. Plaintiff contends that this is a proper case for summary judgment even though defendant filed a sworn denial, relying upon defendant's failure to deny certain requests for admissions of fact.

Plaintiff's petition contained this paragraph:

"II.

"That heretofore, to-wit, on the dates shown on the invoices, marked 'Exhibit A', attached hereto and incorporated herein by reference, as the Plaintiff's statement on account, and at the special instance and request of the Defendant,

the Plaintiff sold and delivered the goods shown therein, to the Defendant. .Defendant expressly agreed to pay the amount set opposite such items; or, alternatively, the Defendant thereby became bound to pay, upon the delivery of such goods, such amounts as such goods were reasonably worth, and such goods were reasonably worth the amounts set out on such invoices."

A typical invoice attached to such petition read as follows:

## WIX CORPORATION
### P. O. BOX 1967
### GASTONIA, N. C. - 28053

SOLD TO:

A M CARRUTH DIST CO
2609 6TH ST
PORT ARTHUR TEXAS

| CUSTOMER NUMBER | INVOICE DATE | INVOICE NUMBER | PAGE |
|---|---|---|---|
| 3176 | 10 04 | 66745 | 001 |

PLEASE SHOW THESE NUMBERS ON ALL CORRESPONDENCE AND REMITTANCES CONCERNING THIS INVOICE.

SHIP TO: (SAME AS SOLD TO UNLESS OTHERWISE SHOWN)
A M CARRUTH DIST CO
2609 7TH ST
PT ARTHUR TEXAS

❋ SHIPPING LOCATIONS:
1 GASTONIA  5-DES MOINES
2 NEW YORK  6-DALLAS
3-ST LOUIS  7-LOS ANGELES
4-SACRAMENTO  9 SAN LEANDRO

| DATE SHIPPED | TERMS 2% 10th NET 15th | CUSTOMER ORDER NUMBER | OUR ORDER NO. | SHIPMENT IS MADE FROM WAREHOUSE NEAREST DELIVERY LOCATION | TERR. | STATE |
|---|---|---|---|---|---|---|
| 10 04 | NOV 361 | | 3740 | 6 | 11 | 42 |

| QTY. B/O | QTY. SHIPPED | DESCRIPTION | PRICE EACH | AMOUNT |
|---|---|---|---|---|
| | 12 | PC 60 P | 1 58 | 18 96 |
| | 12 | PC 100 P | 94 | 11 28 |
| | 12 | PC 122 P | 1 24 | 14 88 |
| | 12 | PC 50 P | 1 46 | 17 52 |
| | 12 | CW 90 NP | 1 40 | 16 80 |
| | 12 | CW 1874 | 3 18 | 38 16 |
| | 4 | CW 111 N | 80 | 3 20 |
| | 4 | CW 144 MP | 58 | 2 32 |
| | 6 | DT 221 | 1 72 | 10 32 |
| | 24 | WF 34 | 59 | 14 16 |
| 24 | | CW 74 | 85 | |
| 24 | | WF 32 | 80 | |

NET ITEMS NOT SUBJECT TO DISCOUNT →

| TOTAL GROSS AMOUNT |
|---|
| 147 60 |

| DISCOUNT AMOUNT |
|---|
| 9 | 3 29 CR |

NET TOTAL INVOICE → | 134 31 |

ALL CHECKS AND PAYMENTS SHOULD BE MADE PAYABLE TO WIX CORPORATION AND MAILED DIRECT TO P.O - BOX 1967 GASTONIA, N.C. - 28053

UNLESS PAYMENT OF THIS INVOICE IS MADE WITHIN DISCOUNT PERIOD, NO DISCOUNT WILL BE ALLOWED.

FORM 103 REV    GENERAL OFFICE FILE COPY OF INVOICE

Defendant filed special exceptions to plaintiff's petition to the effect in substance that the exhibit "A" attached to such petition did not give a sufficient description as to the goods sold. These exceptions were overruled. Then plaintiff made the requests for admissions of fact which were in series as to each invoice and a typical series was as follows:

"7. That on or about May 6, 1964 the Plaintiff at the request of the Defendant shipped to the Defendant the merchandise shown on invoice number 59896 attached to the Plaintiff's Original Petition as part of Exhibit "A" thereto.

8. That the items referred to in said invoice number 59896 were received by the Defendant.

9. That the items referred to in said invoice number 59896 were retained by the Defendant.

10. That the purchase price of each item referred to in said invoice number 59896 was agreed upon by Plaintiff and Defendant.

11. That the Defendant received either the original or a copy of said invoice number 59896.

12. That the original invoice number 59896 or the copy of the same received by the Defendant contained the same words and figures as shown on the copy of said invoice number 59896 attached to Plaintiff's Petition."

Defendant's response to 7, 8, 9 and 10 was as follows:

"He can neither admit nor deny under oath the truth of such statements because the invoice referred to does not contain a list of any material or items of merchandise."

Defendant's response to 11 and 12 was as follows:

"He neither admits nor denies the truth of the statements contained in such request at this time, because he does not know."

The same answers were given to each series of requests directed to each of the invoices.

■ Plaintiff contends further that defendant's amended answer containing the sworn denial came too late inasmuch as it was filed on the day of the hearing of the motion for summary judgment. The trial court could have refused to consider such amended pleading because of the late filing, but apparently according to the record did give such pleadings consideration. In the first place, the record does not reveal that any objection was made by plaintiff to the filing of the amended answer. In the second place, the trial court heard the special exceptions contained in the amended answer before the hearing on the motion for summary judgment, and an order was entered overruling these exceptions.

■ There is also nothing in this record to indicate that the trial court found the defendant's responses to plaintiff's requests for admissions were evasive and therefore that the trial court was treating such requests as having been admitted.

There is nothing in the record to show that the symbols and code letters used in the invoices were sufficient so as to be understood by one engaged in the business or trade and familiar with the technical terms used in such invoices.

Questions of fact were raised and it was error to grant the motion for summary judgment.

Reversed and remanded.