**WILLIAMSBURG NURSING HOME, INC.,**
**Appellant,**

v.

**PARAMEDICS, INC., Appellee.**

**No. 15684.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1970.

William J. Merrill, Houston, Kelley, Ryan & Merrill, Houston, of counsel, for appellant.

Knight, Prappas, Caldwell & Moncure, Houston, John L. Moncure, Ted F. Schiwetz, Jr., Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal by writ of error from a default judgment. The cause of action alleged was supported by a sworn account. The judgment is attacked on the basis that the account is insufficiently stated.

The transcript in this cause contains a certificate by the trial judge that no testimony was heard and no evidence was offered other than the itemized verified account attached to Plaintiff's Original Petition.

In its sworn petition the plaintiff alleged:

## I.

"That, on the dates as shown in the itemized and verified revised statement attached hereto as Plaintiff's Exhibit 'A' reference to which is prayed, Plaintiff, at special instance and request of Defendant, did render and perform physical therapy services for Defendant, at the prices therein charged, the same being reasonable prices for services rendered."

It also alleged a promise to pay and a failure to pay.

The attached account consisted of two pages, one entitled "Physical Therapy Serv-ices, October, 1969," and the other entitled "Physical Therapy Services, November, 1969." Each contained charges in a lump sum for four categories of patients: "Medicare, Part A Patients"; "Medicare, Part B Patients in Non-Certified beds"; "Medicare, Part B (other) Patients in Certified Beds"; and "Welfare Patients". The total charges were then shown under "balance".

In the October statement under "Medicare, Part B (other) Patients in Certified Beds", there is the following itemization:

17 Pts., 854 Tx
6,887.60

Under the same heading in the November statement appears the following:

17 Pts., 815 Tx.,
6,892.00

In the November statement under the heading "Welfare Patients" appears:

3 Pts., 110 Tx., per invoices attached
994.00

The two statements totaled the amount of $27,026.60, in which amount, together with attorneys' fees in the sum of $2,702.-66, judgment was rendered.

There is no evidence explaining the abbreviations used. While they may be known to the parties involved in this suit, and may be in general use by physical therapists and nursing homes, we can only guess as to their meaning. It is suggested that Pts means patients and that Tx means treatments. Adopting those meanings, it would appear from the example given that there was no uniform charge per patient or per treatment. It may be that invoices were also furnished to the nursing home, but, if so, no copies appear in the transcript. In the absence of the names of the patients, the kind of therapy given, the day of the month on which the treatment was given, and the charge for the treatment, or at least some of these items, it would be difficult, if not impossible, to check the account.

The account attached to the plaintiff's petition is not a sufficient showing that the systematic record required by Rule 185, Texas Rules of Civil Procedure, has

**170**

been kept so as to constitute it prima facie evidence of the debt. The cases require that the account show with reasonable certainty the nature of each item, the date, and the charge therefor. Boucher v. City Paint & Supply, Inc., 398 S.W.2d 352 (Tex. Civ.App.—Tyler 1966, n. w. h.); Carruth v. Wix Corporation, 409 S.W.2d 938 (Tex. Civ.App.—Beaumont 1966, error ref., n. r. e.); Becker, Smith & Page v. Wm. Cameron & Co., 22 S.W.2d 951 (Tex.Civ.App.—Waco 1929, error dism'd); Hulme v. Levis-Zuloski Mercantile Co., 149 S.W. 781 (Tex. Civ.App.—Amarillo 1912, n. w. h.).

An account insufficient on its face as a verified open account under Rule 185, T.R.C.P., will not support a judgment by default as against a direct attack by writ of error. Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58 (1952); Nichols v. Murray, 284 S.W. 301 (Tex.Civ.App.—El Paso 1926, n. w. h.); Gause v. Roden, 66 S.W.2d 400 (Tex.Civ.App.—Amarillo 1933, n. w. h.).

There was no testimony to establish the reasonableness of the attorneys' fee awarded. This was an unliquidated demand. The amount to be awarded as an attorneys' fee is a question of fact for the determination of which evidence is required. Smith v. Texas Discount Co., 408 S.W.2d 804 (Tex.Civ.App.—Austin 1966, n. w. h.).

Where it does not appear from the petition that the cause of action is proved by an instrument in writing, the damages must be assessed on sufficient evidence by the Court or a jury. A judgment by default admits every allegation in the petition except the amount of damages. Southern S. S. Co. v. Schumacher Co., 154 S.W.2d 283 (Tex.Civ.App.—Galveston 1941, error ref.); Freeman v. Jordan, 33 Tex. 428 (1870).

Since it does not appear that the damages awarded in this case were proved by an instrument in writing, the sworn account not being in proper form, the trial court erred in entering the judgment by default.

Reversed and remanded.