**Alejandro Morales MEGA, Petitioner,**

v.

**ANGLO IRON & METAL COMPANY OF HARLINGEN, Respondent.**

No. 1598.

Court of Civil Appeals of Texas, Corpus Christi.

June 5, 1980.

502

Gary N. Patterson, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for petitioner.

Robert D. Thorpe, Shaw, Thorpe & Stone, Corpus Christi, for respondent.

## OPINION

BISSETT, Justice.

This is a suit upon a sworn account. Alejandro Morales Mega, defendant in the trial court and petitioner in this Court, seeks by writ of error, to set aside a default judgment rendered against him by the District Court of Nueces County in favor of Anglo Iron and Metal Company of Harlingen, plaintiff in the trial court and respondent in this Court. Judgment was rendered for the balance alleged to be due on the account ($507,748.06), plus costs, prejudgment interest ($60,000.00) and attorney's fees ($15,-000.00).

Anglo Iron and Metal Company of Harlingen, a Texas Corporation, hereinafter called "respondent," filed this suit against Alejandro Morales Mega, who resided in Mexico, hereinafter called "petitioner," on July 26, 1978. According to respondent's original petition, its live pleading, and the attached Bill of Sale (Exhibit "A") and Account (Exhibit "B"), both of which were incorporated into the petition by reference, 1) petitioner had an open account with Metals, Inc., for the purpose of dealing in metals; 2) Metals, Inc., executed a note, dated April 5, 1978, to First State Bank & Trust Company, Edinburg, Texas, and secured the same by a security agreement covering several accounts, including that of petitioner; 3) Metals, Inc., defaulted, and the Bank, at public sale, sold and assigned the accounts to respondent on May 19, 1978.

The account (Exhibit "B"), upon which this suit was instituted, reads, in words and figures, as follows:

| "DATE | DESCRIPTION | DEBITS | CREDITS | BALANCE |
|-------|-------------|--------|---------|---------|
| | Balance as of 12–31–75 | | | $507,748.06" |

and nothing more.

We have carefully considered petitioner's first and second points of error. They are overruled.

In his third point of error, petitioner contends that the judgment is void for want of in personam jurisdiction because the service and return of citation was fatally defective. We agree.

In order to uphold a default judgment which is directly attacked by a writ of error, it is essential that there be a strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Roberts v. Stockslager*, 4 Tex. 307 (1849); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (Tex.Com.App. 1935, opinion adopted); *Travis Builders, Inc. v. Graves*, 583 S.W.2d 865 (Tex.Civ. App.—Tyler 1979, no writ). In a direct attack upon a default judgment, there are no presumptions of valid issuance, service and return of citation, *McKanna v. Edgar*, supra; *Grapevine Trucking, Inc. v. Shepherd*, 366 S.W.2d 950 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.); *Johnston v. Johnston*, 575 S.W.2d 610 (Tex.Civ.App.— San Antonio 1978, no writ); *Hanover Modular Homes of Taft v. Corpus Christi Bank & Trust*, 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ). The Texas Rules of Civil Procedure relating to the issuance, service and return of citation are generally regarded as mandatory, and failure to show *affirmatively* a strict compliance with the Rules will render the attempted service of process invalid and of no effect. *McKanna v. Edgar, supra; Lemothe v. Cimbalisti*, 236 S.W.2d 681 (Tex.Civ.App.—San Antonio 1951, writ ref'd); *Nichols v. Wheeler*, 304 S.W.2d 229 (Tex.Civ.App.—Austin 1957, writ ref'd n. r. e.).

The trial court in the case at bar, upon proper motion, ordered that petitioner be served in either of the following ways: 1) personal service by a disinterested adult in accordance with Rules 106–108, T.R.C.P.; or 2) the mailing of a citation by registered or certified mail, with delivery restricted to addressee only, to his home address by a disinterested adult in accordance with those Rules. In its order, the trial court appointed "A. R. 'Tony' Martinez" as the disinterested adult to serve the petitioner with citation.

The citation was issued to "Alejandro Morales Mega, Defendant." It was addressed and mailed via registered mail, to "Alejandro Morales Meza," with "delivery

restricted to the defendant within named, to-wit, 'Alejandro Morales Mega.' " Petitioner contends that the substitution of the letter "z" for the letter "g" in the last name of the defendant renders the citation fatally defective since the citation shows on its face that it was not mailed to him but to an entirely different person.

■ A mistake in stating the defendant's name in the citation has been consistently held to be fatally defective. *Southern Pacific Co. v. Block,* 84 Tex. 21, 19 S.W. 300 (Tex.1892); *Fleming v. Hernden,* 564 S.W.2d 157 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.); *Zimmerman v. First Nat. Bank of Bowie,* 235 S.W.2d 720 (Tex. Civ.App.—Fort Worth 1950, writ ref'd n. r. e.); *Nail v. Gene Biddle Feed Company, Inc.,* 347 S.W.2d 830 (Tex.Civ.App.—Beaumont 1961, no writ). The same rule applies in this case where the citation states one name, but the same was mailed to and presumably served on a person with a different name.

■ The return of citation is signed by "A. R. Martinez, Jr.," not by "A. R. 'Tony' Martinez," the name of the appointee designated to serve petitioner with the citation. This discrepancy renders invalid the service of process on petitioner since the record shows on its face that the return was not signed by the person who was appointed to make the same.

As petitioner neither filed a waiver of service of process nor made an appearance in the trial court prior to the rendition of judgment, it was incumbent upon respondent to show that the trial court acquired jurisdiction of the person of petitioner by means of a valid issuance of citation, service and return thereof. This, it did not do. The service and return of process in this case are fatally defective. Jurisdiction of the trial court over the person of petitioner does not affirmatively appear on the face of the record. The judgment is void. Petitioner's third point is sustained.

In his fourth point of error, petitioner attacks the judgment on the grounds that the pleadings and evidence are insufficient as a matter of law to support the judgment. In his brief, he argues that the contents of the account attached to the petition, and the evidence presented to the trial judge, are each legally insufficient to support a default judgment.

The Supreme Court of Texas in *Love v. Doak & Tims,* 5 Tex. 343 (1849), where the main issue was whether the statute of limitations had run so as to bar the action to recover on the account said:

"[I]n an action on an account for goods and wares sold and delivered, the sale and delivery are the material facts on which depends the liability of the defendant, and they should be distinctly averred . . . ."

■ It is a well established rule in Texas that in order to support a default judgment against a direct attack by writ of error, the account must show on its face, and with reasonable certainty, the nature of each item therein, the date it was purchased, and the charge therefor. *Carruth v. Wix Corporation,* 409 S.W.2d 938 (Tex. Civ.App.—Beaumont 1966, writ ref'd n. r. e.); *Hassler v. Texas Gypsum Company, Inc.,* 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975, no writ); *Bookstall, Inc. v. John Roberts, Inc.,* 517 S.W.2d 451 (Tex.Civ.App.—Austin 1974, no writ); *Texan Man's Shop, Inc. v. Nunn-Bush Shoe Company,* 401 S.W.2d 716 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Becker, Smith & Page v. Wm. Cameron & Co.,* 22 S.W.2d 951 (Tex. Civ.App.—Waco 1929, writ dism'd); *Nichols v. Murray,* 284 S.W. 301 (Tex.Civ.App.—El Paso 1926, no writ). Equally certain is that an account insufficient on its face as a verified account under Rule 185, T.R.C.P., will not support a judgment by default as against a direct attack by writ of error. *Griswold v. Carlson,* 151 Tex. 246, 249 S.W.2d 58 (1952); *Unit, Inc. v. Ten Eyckshaw, Inc.,* 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.); *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.,* 460 S.W.2d 168 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

■ Rule 185, T.R.C.P., provides that an action may be instituted upon a claim "for

goods, wares and merchandise . . ." The statement contained in the attached account does not describe any item which makes up the "Balance." The failure to describe with reasonable certainty or to specify the items, either in the body of the petition or on the face of the annexed account, renders the petition fatally defective. In addition to the foregoing authorities, see also *Wallis v. McGuffey*, 392 S.W.2d 802 (Tex.Civ.App.—Dallas 1965, no writ), and the many cases cited therein. Furthermore, neither the petition nor the account alleges or states the date any item was sold or the charge therefor. The account attached to respondent's petition is insufficient on its face as a sworn account under Rule 185, and will not support the default judgment which was rendered in this case. Moreover, the account does not show that the systematic record required by Rule 185 has been kept so as to constitute it prima facie evidence of the debt. *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, supra. See also *Moore v. McKinney*, 151 S.W.2d 255 (Tex.Civ.App.—Dallas 1941, no writ).

■ A statement of facts has been filed in this case. The only evidence presented to the trial judge was the testimony of Mr. Ed Mange. He testified: 1) at one time he was president of Metals, Inc., the original owner of the account upon which this suit is based; 2) Metals, Inc., purchased and sold precious metals to petitioner; 3) "a running open account" was maintained by petitioner with Metals, Inc.; and 4) all allegations in respondent's original petition are true and correct.

The fact that Mr. Mange, at one time, was president of Metals, Inc., and the fact that petitioner dealt in metals with Metals, Inc., and had an account with it, without more, will not support the judgment under attack. Mr. Mange's statement to the effect that all allegations in the original petition are true and correct is refuted by the record itself. The sworn petition, with respect to the account sued on, stated:

"[S]aid account reflects the purchase and sale and crediting and debiting of De-

fendant's account in accordance with the reasonable market value or agreed price on the dates specified . . . All just and lawful offsets, payments and credits to which the Defendant is entitled are reflected in the attached account."

The account does *not* "reflect" the "purchase and sale and crediting and debiting" of anything. There are no "dates specified" in the account. There are no offsets, payments and credits, "reflected in the account." The judgment cannot be sustained on the basis of Mr. Mange's testimony.

The judgment of the trial court recites that the evidence heard was "evidence on the damages in accordance with Rule 243 of the Rules of Civil Procedure," and nothing more. It affirmatively appears from that recital in the judgment that the trial judge did not hear any evidence on the issue of liability. We can only conclude that the default judgment was rendered solely on respondent's petition and the attached account. Such action constituted reversible error. Petitioner's fourth point is sustained.

■ In conclusion, the questions concerning the service of citation and return thereof will not be present at the retrial of this case, because petitioner, by prosecuting this appeal, has entered his appearance, not only in this Court, but for further proceedings in the trial court as well. *McKanna v. Edgar*, supra; *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, supra.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for a trial on the merits.