**James N. CATES, Appellant,**

v.

**James C. PON, Appellee.**

**No. B14–83–236CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 12, 1984.

Michael B. Lee, Fouts & Moore, Houston, for appellant.

Howard A. Lang, Jr., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

This is an appeal by writ of error from a default judgment rendered against James N. Cates in a suit upon a promissory note. Appellant contends that the judgment against him is void for want of in personam jurisdiction because the service and return of citation were fatally defective. We agree.

On October 13, 1980, appellee filed suit against appellant and his wife, Elizabeth Cates, upon a promissory note. Mrs. Cates was duly served with citation and filed an answer. Appellee was unable to obtain service upon appellant. On December 21, 1981, appellee obtained permission from the trial court to have substituted service upon appellant under Tex.R.Civ.Pro. 106. The order of the court granting permission for substituted service provided that the service was to be "by personally serving James N. Cates or leaving such documents with any person over sixteen (16) years of age at defendant's usual place of abode at 522 North Post Oak Lane, Houston, Harris County, Texas; and that this *service be performed by Leonard Green, a disinterested adult*" (emphasis added). Appellant was served on January 4, 1982 by Deputy Constable Lindsey E. Siriko.

Appellant filed no answer. On September 22, 1982, the trial court entered an interlocutory default judgment against appellant. On October 11, 1982, appellant filed with the district court a "Motion to Set Aside an Interlocutory Default Judgment." After a hearing on October 25th, the trial court denied the motion, entered a non-suit as to Mrs. Cates, and ordered that the interlocutory default judgment against appellee be made final. At that hearing appellant was represented by counsel. On March 21, 1983, appellant filed with this court his Original Petition for Writ of Error.

In the first point of error, appellant contends that the trial court erred in rendering both the interlocutory default judgment and the final judgment because the district court did not have in personam jurisdiction over him. Appellant's second point of error alleges that the trial court erred in finding that he had been properly served with citation. Appellee replies that appellant is precluded from having the default judgment reviewed by writ of error because appellant participated in the actual trial of this cause.

The first issue is whether appellant may avail himself of the remedy of a writ of error. It is clear that "no party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Appeals through means of writ of error." Tex.Rev.Civ.Stat.Ann. art. 2249a, § 1 (Vernon Supp.1982–1983). Appellee contends that appellant's filing of a motion to set aside the interlocutory default judgment and the appearance, through counsel, at the hearing on that motion is sufficient to constitute participation in the "actual trial." Appellant replies by saying that his actions are no different from the filing of an answer or a motion for new trial and that those actions will not preclude review by writ of error. *See Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941).

In a rare case involving the requirements for a writ of error, the Texas Court of Criminal Appeals has found that a motion to set aside a default judgment does not constitute such participation in the actual trial of the case as would preclude an appellant from obtaining review by writ of error. *Surety Insurance Company of California v. State,* 514 S.W.2d 454 (Tex.Cr.App.1974). In that case, unlike our facts, the defendant did not appear until the final default judgment had been rendered. We do not feel that factual difference ordains a different legal conclusion.

▮ The final default judgment entered in this case was directly attributable to the prior interlocutory judgment. The order denying the motion to set aside the default judgment states "it is further ordered that the judgment dated September 22, 1982, against James N. Cates is hereby made a final judgment." Appellant, in our situation, "participated" only after a default judgment had been rendered against him. Appellant's "participation" was solely limited to seeking to set aside a judgment already entered by the trial court. The Texas Supreme Court in *Lawyers Lloyds of Texas v. Webb* has said that:

The *actual trial* of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. 152 S.W.2d at 1097.

The record does not indicate that appellant participated in a hearing for the purpose of determining the legal or factual merits of the appellee's claim. Appellant's motion to set aside the interlocutory default judgment, at most, only attempts to establish that the failure to answer was not intentional, that a meritorious defense exists, and that the granting of the motion would not have unduly prejudiced the plaintiff. Looking at appellant's conduct and the events occurring prior to such conduct, we do not feel that appellant has "participated . . . in the actual trial of the case" so as to preclude review by writ of error.

Appellant contends that the trial court erred in entering the interlocutory default judgment and final default judgment in that the court was without in personam jurisdiction over appellant due to defective service of process.

▮ On appeal by writ of error from a default judgment the issue becomes whether there is a lack of jurisdiction apparent from the record that would vitiate the judgment. The record must affirmatively show that the trial court had jurisdiction over the defendant at the time that the judgment was rendered. *Thomas Petroleum Products, Inc. v. Rulon Electric Company, Inc.,* 609 S.W.2d 890 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). In order for the

trial court to have in personam jurisdiction over the defendant at the time the judgment was entered the record must reflect either (1) an appearance by the defendant or (2) due service of citation, independent of recitals in the judgment. *H.L. McRae Company v. Hooker Construction Company,* 579 S.W.2d 62 (Tex.Civ.App.—Austin 1979, no writ). In our case it is undisputed that appellant made no appearance prior to the time that the interlocutory default judgment was rendered against him. Appellant's conduct subsequent to the entry of that judgment will not serve as an "appearance" so as to give the trial court in personam jurisdiction. *H.L. McRae Company v. Hooker Construction Company, id.* at 65. If the trial court did not have personal jurisdiction over appellant by valid service, the interlocutory default judgment would be void. If the judgment was void, then the subsequent conduct of appellant will not serve to waive the fundamental requirement that the trial court have jurisdiction over a party prior to entering a judgment against that party.

When a default judgment is directly attacked by writ of error, it is essential that there be a strict compliance with the Rules of Civil Procedure in regard to the issuance of citation, the manner and mode of service, and the return of process. *Mega v. Anglo Iron & Metal Company of Harlingen,* 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ). *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965). Although there is usually a presumption in favor of valid issuance, service, and return of citation, there is no such presumption when a default judgment is directly attacked. *McKanna v. Edgar,* 388 S.W.2d at 929; *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust,* 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ). Failure to show affirmatively a strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation will render the attempted service of process invalid and of no effect. *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813 (Tex.Civ.App. —Dallas 1979, no writ); *Mega v. Anglo*

*Iron & Metal Company of Harlingen,* 601 S.W.2d at 503; *Nichols v. Wheeler,* 304 S.W.2d 229 (Tex.Civ.App.—Austin 1957, writ ref'd n.r.e.).

The trial court, in authorizing substituted service, ordered that the service be performed by "Leonard Green." The return of citation is signed by Lindsey E. Siriko. This discrepancy renders invalid the service of process on appellant since the record shows on its face that the return was not signed by the proper person. The service and return of process in this case is fatally defective. *Mega v. Anglo Iron & Metal Company of Harlingen,* 601 S.W.2d at 504. Jurisdiction of the trial court over the person of the appellant at the time the interlocutory judgment was entered does not affirmatively appear on the face of the record. Because appellant was improperly served, the trial court erred in finding that it had in personam jurisdiction over appellant and erred in entering the interlocutory default judgment and final default judgment. However, appellant by appealing this case has submitted himself to the jurisdiction of the district court and no new service is necessary. Tex.R.Civ.P. 123.

The judgment is reversed and remanded.