IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00279-CR

No. 10-11-00280-CR

No. 10-11-00281-CR

No. 10-11-00282-CR

 

Russell Wade Eason,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court Nos. 2011-411-C2,
2011-412-C2, 

2011-413-C2, and 2011-443-C2

 



MEMORANDUM  Opinion



 

            Russell Wade Eason appeals a
conviction for unlawful possession of a firearm by a felon, two convictions for
burglary of a habitation, and a conviction for theft over $20,000 but less than
$100,000.  By letter dated July 27, 2011, the Clerk of this Court notified
Eason that his appeals were subject to dismissal because the trial court’s
certificate of right of appeal that Eason signed in each underlying criminal
case indicated that the underlying criminal cases were plea bargain cases and
that Eason had no right to appeal and waived his right to appeal.  See Tex. R. App. P. 25.2(d).  The Clerk
also warned Eason that the appeals would be dismissed unless, within 21 days of
the date of the letter, a response was filed showing grounds for continuing the
appeals.  See Tex. R. App. P.
44.3.  We received a response from Eason; however, it does not provide grounds
for continuing the appeal.  

Accordingly, these appeals are
dismissed.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeals
dismissed

Opinion
delivered and filed August 10, 2011

Do
not publish 

[CR25]






106. 
See United Nat. Bank v. Travel Music, 737 S.W.2d 30, 32 (Tex. App.—San Antonio 1987, writ
ref'd n.r.e.); Tex. R. Civ. P. 103, 106. Shelton did not attempt to deliver process personally to
any agent for the corporation.
          The parties agree that the default judgment can be upheld only if the record shows strict
compliance with the applicable rules relating to the issuance, service, and return of citation. See
Cates v. Pon, 663 S.W.2d 99, 102 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).
          Lake Air asserts that substituted service of citation should not have been allowed because
personal service was not attempted, that the affidavit supporting the motion for service under Rule
106 was defective, and that the record does not show any connection between the person who
received the citation and Lake Air. See Tex. R. Civ. P. 106. Because of our disposition of the
case, we do not reach any of those arguments.
          The record clearly shows that the citation was not served at the address authorized by the
order. The order authorized service on Lake Air at 1425-B Lake Air Drive, Waco, Texas 76710. 
The postal service "green card" shows that the citation was addressed to Lake Air at 121 N. Post
Oak Lane, Houston, Texas 77024. Thus, the face of the record reveals that the service of citation
on Lake Air was not made in strict compliance with the rules and that the court had no jurisdiction
to enter the default judgment. See id.
          We reverse the judgment and remand the cause for trial. A new citation addressed to Lake
Air is unnecessary; by appealing, Lake Air has submitted itself to the jurisdiction of the court and
is before the court for a trial on the merits. See Tex. R. Civ. P. 123.
 
                                                                                 BILL VANCE
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Reversed and remanded
Opinion delivered and filed January 8, 1992
Do not publish